IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHEIDI MARTINEZ,

    Plaintiff,

    v.

A. VITERI # 14342, C.S. DUNN # 6105, and
the CITY OF CHICAGO,

    Defendants.

No.

**FILED**

**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**

**08 C 667**

**JUDGE BUCKLO**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE

HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above

named Defendants, to wit A. VITERI # 14342, C.S. DUNN # 6105 (hereinafter, the

"DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

### JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and

this Court's supplementary jurisdiction powers.

### PARTIES

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting

on behalf of the CITY OF CHICAGO.

1

4.      The CITY OF CHICAGO is a duly incorporated municipal corporation and is the

employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or

employees referred to in this Complaint.  At all times material to this complaint, the

DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation,

statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.      On or about April 20, 2007, some or all of the DEFENDANT OFFICERS were engaged

in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to

the United States Constitution.

6.      On or about April 20, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or

batter and/or assault any of the DEFENDANT OFFICERS.

7.      The show of force initiated by and/or the failure to intervene in the use of said force by

the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of

PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent

the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to

observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took

place relative to the PLAINTIFF.

9.      On April 20, 2007, PLAINTIFF had not committed an act contrary to the laws of the

State of Illinois.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the

DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.    On or about April 20, 2007, the DEFENDANT OFFICERS were on duty at all times

relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.

The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course

and scope of employment and while on duty.  This action is being brought with regard to the

individual capacity of the DEFENDANT OFFICERS.

12.    Upon information and belief, A. VITERI # 14342, on April 20, 2007, came into physical

contact with PLAINTIFF.

13.    Upon information and belief, C.S. DUNN # 6105, on April 20, 2007, came into physical

contact with PLAINTIFF.

**CONSPIRACY**

14.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF

in the following manner:

        a.    agreeing to falsely arrest and/or falsely institute criminal
            charges/proceedings against the PLAINTIFF;

        b.    using excessive force and/or failing to intervene in the use
            of excessive force against the PLAINTIFF;

        c.    agreeing not to report each other after witnessing and/or
            using excessive force relative to the PLAINTIFF;

        d.    agreeing not to report each other after falsely arresting
            and/or charging PLAINTIFF;

        e.    generating false documentation to cover-up for their own
            and each other's misconduct;

15.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically

engaged in communication on or about April 20, 2007, whereby the DEFENDANT OFFICERS

agreed to facilitate, engage in and support the activity which occurred in connection with the

allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by

and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be

charged with criminal allegations, incur financial loss, including attorney's fees, and suffer

emotionally.

## COUNT I
### §1983 Excessive Force

16.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

17.    The actions, and/or the failure to intervene in the actions, of the DEFENDANT

OFFICERS amounted to an excessive use of force onto PLAINTIFF.  This conduct violates the

Fourth Amendment of the United States Constitution.

18.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court

deems equitable and just.

## COUNT II
### §1983 False Arrest

19.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

20.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF

without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the

conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the

United States Constitution.

21.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court

deems equitable and just.

## COUNT III
### False Arrest –State Claim

22.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

23.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe

that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was

in violation of the Constitution to the State of Illinois as well as Illinois common law.

24.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable

and just.

## COUNT IV
### Battery –State Claim

25.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

26.    The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and

without justification.

27.    The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

28.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable

and just.

## COUNT V
### Malicious Prosecution - State Claim

29.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

30.    The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of

Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

31.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

32.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

33.    The underlying criminal charges were resolved in a manner indicative of innocence.

34.    The aforementioned actions were the direct and proximate cause of the violations of

Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable

and just.

## COUNT VI
### § 1983 Conspiracy Claim

35.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

36.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the violations of the United States Constitution, *inter alia* the Fourth

Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court

deems equitable and just.

## COUNT VII
## Conspiracy Claim – State Law

37.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

38.    The aforementioned actions were the direct and proximate cause of the violations of the

Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable

and just.

## COUNT VIII
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

39.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

40.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS

alleged above.

41.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law

and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the

alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the

CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT

OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

42.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

43.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

**Plaintiff demands trial by jury.**

Respectfully submitted,


s/Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz


**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)