**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHEIDI MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 667 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| A. VITERI #14342, C.S. DUNN #6105, | ) | Magistrate Judge Schenkier |
| and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S COMPLAINT, DEFENSES AND JURY DEMAND**

Defendants, the City of Chicago and Chicago Police Officers Christine Dunn and

Angelica Viteri, by one of their attorneys, Kathryn M. Doi, Assistant Corporation Counsel,

hereby submit their answer to Plaintiff's Complaint, defenses and jury demand as follows:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42
U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United
States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendants admit that jurisdiction is proper.

**PARTIES**

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

3.      The DEFENDANT OFFICERS were at all times relevant hereto employed by and
acting on behalf of the CITY OF CHICAGO.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

4.      The CITY OF CHICAGO is a duly incorporated municipal corporation and is the
employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or

employees referred to in this Complaint.  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that City of Chicago is a duly incorporated municipal

corporation and is the employer and principal of the defendant officers.  Defendants further admit

that Defendant Officers were acting under color of law and pursuant to the rules and regulations

of the Chicago Police Department.  Defendants deny the remaining allegations contained in this

paragraph as they are pled by Plaintiff.

### FACTS

5.      On or about April 20, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

6.      On or about April 20, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:**  Defendants admit that Plaintiff did not batter Defendant Officers.

Defendants deny the remaining allegations contained in this paragraph.

7.      The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the Plaintiff.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

9.      On April 20, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, Plaintiff was caused to suffer damages.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

11.     On or about April 20, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:** Defendants admit that on April 20, 2007, Defendant Officers were duly

appointed police officers for the City of Chicago, acting within the scope of their employment

and on duty.  Defendants further admit that Plaintiff is suing Defendant Officers in their

individual capacities.  Defendants deny the remaining allegations contained in this paragraph.

12.     Upon information and belief, A. VITERI #14342, on April 20, 2007, came into physical contact with PLAINTIFF.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

13.     Upon information and belief, C.S. DUNN #6105, on April 20, 2007, came into physical contact with PLAINTIFF.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## CONSPIRACY

14.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.      agreeing to falsely arrest and/or falsely institute criminal
            charges/proceedings against the PLAINTIFF;

    b.      using excessive force and/or failing to intervene in the use of excessive

force against the PLAINTIFF;

c.    agreeing not to report each other after witnessing and/or using excessive force relative to PLAINTIFF;

d.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

e.    generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

15.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about April 20, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, be charged with criminal allegations, incur financial loss, including attorney's fees and suffer emotionally.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I
### §1983 Excessive Force

16.    Plaintiff re-alleges paragraphs 1-15 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

17.    The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amount to an excessive use of force onto PLAINTIFF.  This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

18.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## COUNT II
### § 1983 False Arrest

19.     Plaintiff re-alleges paragraphs 1-15 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

20.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF
without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the
conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the
United States Constitution.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

21.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the Constitutional violations set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## COUNT III
## False Arrest - State Claim

22.    Plaintiff re-alleges paragraphs 1-15 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

23.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to
believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT
OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois common
law.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct. .

24.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the violations set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## COUNT IV
## Battery - State Claim

25.    Plaintiff re-alleges paragraphs 1-15 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

26.    The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without
consent and without justification.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

27.    The conduct of the DEFENDANT OFFICERS was in violation of Illinois law.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

28.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT V
### Malicious Prosecution (State Claim)

29.    Plaintiff re-alleges paragraphs 1-15 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through 15 as their answer to this paragraph.

30.    The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:** Defendants admit that they charged Plaintiff with violations of state law. Defendants further admit that a criminal proceeding was commenced against Plaintiff. Defendants deny the remaining allegations contained in this paragraph as pled by Plaintiff.

31.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

32.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

33.    The underlying criminal charges were resolved in a manner indicative of
innocence.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

34.    The aforementioned actions were the direct and proximate cause of the violations
of Illinois State Law, as set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**COUNT VI**
**§1983 Conspiracy Claim**

35.    Plaintiff re-alleges paragraphs 1 - 15 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

36.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and
proximate cause of the violations of the United States Constitution, *inter alia* the Fourth
Amendment and Fourteenth Amendment.

**ANSWER:** Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**COUNT VII**
**Conspiracy Claim - State Law**

37.    Plaintiff re-alleges paragraphs 1 - 15 as though fully set forth herein.

**ANSWER:**  Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

38.    The aforementioned actions were the direct and proximate cause of the violations
of the Constitution of the State of Illinois and Illinois law.

**ANSWER:**  Defendants deny the allegations contained in this paragraph and further deny

any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**COUNT VIII**
**745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

39.    Plaintiff re-alleges paragraphs 1 - 15 as though fully set forth herein.

**ANSWER:**  Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

40.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT
OFFICERS alleged above.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

41.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color

9

of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that Defendant Officers were acting under color of law and

in the scope of their employment with the City.  Defendants deny the remaining allegations

contained in this paragraph and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**COUNT IX**
**Supplementary Claim for *Respondeat Superior***

42.    Plaintiff re-alleges paragraphs 1 - 15 as if re-alleged herein.

**ANSWER:**  Defendants adopt and incorporate their answers from paragraphs 1 through

15 as their answer to this paragraph.

43.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of
employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the
actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:** Defendants admit that Defendant Officers acted within the scope of their

employment.  Defendants deny the remaining allegations contained in this paragraph as pled by

Plaintiff and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**AFFIRMATIVE DEFENSES**

1.    Defendants Viteri and Dunn are government officials, namely police officers, who

perform discretionary functions.  Defendants Viteri and Dunn have admitted that they

encountered and arrested Plaintiff.  At all times material to the events alleged in Plaintiff's

Complaint, a reasonably competent police officer, objectively viewing the facts and

circumstances then confronting these Defendants, could have believed their actions regarding

their encounter with Plaintiff to be lawful, in light of clearly established law and the information

that Defendants possessed.  Defendants Viteri and Dunn are therefore entitled to qualified

immunity on Plaintiff's claims under federal law.

2.      Under the Illinois Tort Immunity Act, Defendants Viteri and Dunn are not

liable for any of the state law claims alleged because a public employee is not liable for his or her

acts or omissions in the execution or enforcement of any law, unless such acts or omissions

constitute wilful and wanton conduct.  Defendants' actions were performed in the execution and

enforcement of the law and were not wilful and wanton. Defendants Viteri and Dunn are thus

immune from liability. 745 ILCS 10/2-202.

3.      Under the Illinois Tort Immunity Act, Defendants Viteri and Dunn are not liable

for any of the state law claims alleged because a public employee, as such and acting within the

scope of his or her employment, is not liable for any injury caused by the act or omission of

another person.  745 ILCS 10/2-204.

4.      Under the Illinois Tort Immunity Act, Defendants Viteri and Dunn are not

liable for any of the state law claims alleged because the decision as to what action to take with

regard to Plaintiff was a discretionary decision for which the City and its employees are immune

from liability.  745 ILCS 10/2-201.

5.      To the extent any injuries or damages claimed by Plaintiff were proximately

caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the

part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of

the principles of comparative fault, by an amount commensurate with the degree of fault

attributed to Plaintiff by the jury in this case.

6.      To the extent that Plaintiff failed to mitigate any of her claimed injuries or

damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the

principle that Plaintiff has a duty to mitigate attributed to Plaintiff by the jury in this case.

7.      Defendants Viteri and Dunn need not retreat or desist from efforts to make

a lawful arrest because of resistance or threatened resistance to the arrest.  An officer is justified

in the use of any force which he reasonably believes to be necessary to effect the arrest or defend

himself or another from bodily harm while making the arrest. 720 ILCS 5/7-5.

8.      As to Plaintiff's state law claims, Defendants are not liable to pay attorney's fees

as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and

the ordinary expenses and burdens of litigation are not allowable to the successful party." See

Kerns v. Engelke, 76 Ill.2d 154, 166 (Ill. 1979)(internal citations omitted).

9.      Defendant City is not liable to Plaintiff if its employees or agents are not liable to

Plaintiff.  745 ILCS 10/2-109 (2006).

**JURY DEMAND**

Defendants, the City of Chicago, Christine Dunn and Angelica Viteri, request a trial by

jury.

Respectfully Submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle, Suite 1400
Chicago, IL 60602
(312) 744-0742
Attorney No. 06274825